WO                                                                                                                                    MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathon Isaiah Gaines, | No.   CV-23-00403-TUC-SHR |
| Plaintiff, | |
| v. | **ORDER** |
| Kenneth Bradshaw, et al., | |
| Defendants. | |

      Self-represented Plaintiff, Jonathon Isaiah Gaines, is confined in the Cochise County Jail and is proceeding *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  In a December 14, 2023 Order, the Court dismissed Plaintiff's Complaint because he had failed to state a claim; denied his motions for counsel, for a hearing, and to preserve evidence; and gave Plaintiff until January 15, 2024, to file an amended complaint that cured the deficiencies identified in the Order.

      Pending before the Court are Plaintiff's Motion to Change Judge (Doc. 10), Motion to Extend Deadline (Doc. 11), and Motion to Have Oral Hearing Service (Doc. 12).  The Court will grant the Motion to Extend Deadline and will deny the other two Motions.

**I.**    **Motion to Change Judge**

      Plaintiff seeks a different judge to preside over this action, claiming the undersigned "lacks wisdom and common sense pertaining to [Plaintiff's] case" and is "intentional[l]y trying to railroad [Plaintiff's] case by forc[]ing [Plaintiff] to do a[n] amend[ed] complaint when [Plaintiff] couldn[']t even do his original complaint himself."  Plaintiff contends he

JDDL-K

had help preparing his original Complaint, has a "history of mental issues," is currently "fighting for his life on a crim[i]nal case," and "needs a civil attorney to take over his civil case" because he is "under duress and a tremend[o]us amount of stress" and is being "forced" to file an amended complaint after "he already admitted he is unable to do [so]."

There is no Federal Rule of Civil Procedure that permits a party to change the judge assigned to a case. Motions to disqualify or recuse a federal judge fall under two statutory provisions, 28 U.S.C. §§ 144 and 455.

Section 144 provides for recusal where a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The affidavit must state the facts and reasons for the belief that the bias or prejudice exists. 28 U.S.C. § 144. If the judge finds the affidavit timely and legally sufficient, the judge must proceed no further and another judge must be assigned to hear the motion. *Id.*; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Section 455, on the other hand, is self-enforcing on the judge and requires a judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned," where he "has a personal bias or prejudice concerning a party," or when he is "a party to the proceeding." 28 U.S.C. § 455(a), (b)(1), and (b)(5)(i). *See also Sibla*, 624 F.2d at 867–68.

The Court must initially determine whether Plaintiff has filed an affidavit that is legally sufficient. *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) ("[T]he judge against whom an affidavit of bias is filed may pass on its legal sufficiency") (citing *Berger v. United States*, 255 U.S. 22 (1921)). "An affidavit filed pursuant to [28 U.S.C. § 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an *extrajudicial source*." *Sibla*, 624 F.2d at 868 (emphasis added). Plaintiff has not filed an affidavit and his Motion does not contain any facts to support the conclusion the undersigned judge has exhibited bias or prejudice that stems from an extrajudicial source. Thus, the undersigned is not required to assign the recusal request to another judge. *See*

*Azhocar*, 581 F.2d at 738 ("Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case.").

Under §§ 144 and 455, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)), *abrogated on other grounds in Simmons v. Himmelreich*, 576 U.S. 621 (2016). In nearly all cases, the source of any alleged bias must be extrajudicial. *Liteky v. United States*, 510 U.S. 540, 544–56 (1994). In *Liteky*, the Supreme Court stated:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree or favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Id.* at 555 (internal citation omitted). *See also Pesnell*, 543 F.3d at 1044.

As previously discussed, Plaintiff does not allege the undersigned has an extrajudicial bias against him. The undersigned cannot conclude the grounds advanced by Plaintiff would cause a reasonable person with knowledge of all the relevant facts to question the impartiality of the undersigned. Thus, the Court, in its discretion, will deny Plaintiff's Motion to Change Judge.

. . . .

## II.  Motion to Extend Deadline

Plaintiff seeks a two- to three-month extension of time to file an amended complaint, alleging Defendant Heisner has "told her officers to stop making copies" for Plaintiff; Defendants Heisner and Monje have "intercepted" his requests to meet with the Jail's administrator; and Jail staff are "tampering with [his] legal mail" and take "two weeks [to] a month" get Plaintiff to the law library for a "one hour session." He also claims his family has "agreed to come down here" and "mak[e] sure [Plaintiff] gets a decent 'civil attorney'" which they know and bel[ie]ve he should have." The Court, in its discretion, will grant Plaintiff's Motion and will give him additional time to file his amended complaint.[1]

## III.  Motion to Have Oral Hearing Service

Plaintiff seeks an in-person hearing so he can "be heard" regarding issues related to his time in the Jail and resulting in his "life [being] in danger." There is no need for a hearing regarding these issues; Plaintiff has adequately described the issues in his written submission. Thus, the Court, in its discretion, will deny Plaintiff's Motion to Have Oral Hearing Service.

## IV.  Warnings

### A.  Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

. . . .

---

[1] Plaintiff contends he "can[']t handle his 'civil case' on his own" and is "going to give power of attorney to one of his family members." Plaintiff should be cautious of this approach. A party is only permitted to plead and conduct his or her case "personally or by counsel." 28 U.S.C. § 1654. A non-lawyer may appear on his own behalf in his own case but "has no authority to appear as an attorney for others than himself." *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *see also DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) (noting even though individuals granted plaintiff a power-of-attorney to represent them it did not authorize him to act as their counsel).

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Possible "Strike"

Because the Court dismissed Plaintiff's Complaint for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of the December 14, 2023 Order and this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (concluding a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Motion to Change Judge (Doc. 10) and Motion to Have Oral Hearing Service (Doc. 12) are **DENIED**.

(2) Plaintiff's Motion to Extend Deadline (Doc. 11) is **GRANTED**. Plaintiff has up to and including **Monday, April 8, 2024**, to file a first amended complaint in compliance with this Order and the December 14, 2023 Order.

. . . .

. . . .


(3) If Plaintiff fails to file an amended complaint within this timeframe, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice stating the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

Dated this 7th day of February, 2024.

Honorable Scott H. Rash
United States District Judge